```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TYRONE FULTON,                      :

                Plaintiff,          :    10 Civ. 425 (RJS)(HBP)

     -against-                      :    MEMORANDUM OPINION
                                         AND ORDER
THE CITY OF NEW YORK, et al.,       :

                Defendants.         :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/11

PITMAN, United States Magistrate Judge:

By notice of motion dated March 10, 2010 (Docket Item 4) plaintiff moves for pro bono counsel.[1] For the reasons set forth below, the motions is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge,

2

> 802 F.2d at 60-61 (internal quotation marks and citation omitted). In <u>Cooper v. A. Sargenti Co.</u>, [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's claim arises out of allegedly negligent dental care he received while he was incarcerated at the New York City Department of Corrections' Facility at Rikers Island. Plaintiff alleges that defendants erroneously extracted a healthy tooth and failed to remove a diseased tooth that should have been removed.

Although the complaint appears to state a claim to the extent he is suing individual defendants in their individual capacity, <u>see</u> <u>generally</u> <u>Montanez v. Shivy</u>, 3:02CV2308 (CFD), 2005 WL 367679 (D. Conn. Feb. 11, 2005), the record is currently inadequate to permit a determination that plaintiff's case should be added to the list of cases circulated to the <u>Pro</u> <u>Bono</u> Panel. First, plaintiff has not yet served the complaint; if he fails to do so promptly, his action will be dismissed. Second, to the extent he is suing the City of New York, he would have to show that the wrong tooth was extracted pursuant to a custom or policy. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978).

Third, to the extent he is suing the Department of Correction, he has failed to assert a claim against a suable entity. <u>Vatansever v. New York City</u>, 210 Fed. App'x 26, 26 (2d Cir. 2006). Third, none of the individual defendants have yet been named. Finally, the information in plaintiff's application for Pro Bono Counsel is itself insufficient. Plaintiff does not detail his efforts to retain counsel on his own, does not explain why he cannot try the case on his own and does not explain why he believes his case has merit. For example, he does not explain why he believes the wrong tooth was extracted, <u>i.e.</u>, how does plaintiff know that a healthy tooth was extracted?

Accordingly, plaintiff's motion (Docket Items 4) is denied without prejudice to renewal. Any renewed motion should address the factors identified herein.

Dated:  New York, New York
        March 2, 2011

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Tyrone Fulton
2015 Madison Avenue
New York, New York  10035